MACON, JANUARY TERM, 1857.  345

Wright vs. The Central Railroad and Banking Co.

No. 70.—UEL L. WRIGHT and others, plaintiffs in error, *vs.*
THE CENTRAL RAILROAD & BANKING COMPANY, of Geor-
gia, defendant in error.

Where a party might have given evidence at a proper time, and he sees fit to
withhold it from prudential or other considerations, and take the chances of
a verdict, it is no cause for a new trial; and it would be of mischievous ten-
dency to grant a new trial, to give the party an opportunity of introducing
the testimony after it is ascertained where the cause presses.

Debt, in Bibb Superior Court. Tried before Judge Pow-
ERS, May Term, 1856.

This was an action of debt, by the Central Railroad and
Banking Company against Uel L. Wright and others, his
securities, on the following bond.

" GEORGIA, DEKALB COUNTY:

Know all men by these presents, that we, U. L. Wright,
Isaac Scott, James D. Carhart, William B. Carhart, James T.
Doane, James Robinson, Terrence Doonan, Joseph Thomp-
son and William B. Davis, are held and firmly bound unto
the Central Railroad & Banking Company of Georgia, in the
full sum of Ten Thousand Dollars, to be paid to the said
Company or its assigns; for which payment we bind our-
selves, our heirs, executors and administrators, jointly and
severally, firmly by these presents, sealed with our seals and
signed with our hands, this 22d day of November, 1850.
Whereas, the above bound U. L. Wright has been appointed
to the office of agent of the said, The Central Railroad &
Banking Company of Georgia, at Atlanta. Now, the condi-
tion of the above bond or obligation is such, that if the said
U. L. Wright shall well and truly execute, and faithfully
discharge the duties required of him in said office, and all
other duties required of him in the business of the said, The
Central Railroad and Banking Company of Georgia, and in
all things shall well and faithfully behave and conduct him-

self and discharge the trust reposed in him, then this obligation to be void."

U. L. WRIGHT, [L. S.]
ISAAC SCOTT, [L. S.]
JAMES D. CARHART, [L. S.]
WILLIAM B. CARHART, [L. S.]
JAMES T. DOANE, [L. S.]
JAMES ROBINSON, [L. S.]
TERRENCE DOONAN, [L. S.]
JOSEPH THOMPSON, [L. S.]
WM. B. DAVIS, [L. S.]

The declaration alleged that on the 16th day of March, 1852, there came into the hands of said Wright, as plaintiff's agent, the sum of TWENTY THOUSAND DOLLARS, for which he had failed to render a true and faithful account, and to pay over when demanded.

To this action, defendants pleaded, that, on the 16th day of March, 1852, $18,121 76, of the money of said plaintiff, was by some unknown person, feloniously and privately stolen, taken and carried away without the knowledge of said defendant, and without any negligence on his part; said sum of money on the day and year aforesaid, having been stolen from a large iron safe in the back room of the business house of said Wright, in the city of Atlanta.

This case was before the Supreme Court at August Term, 1854, (see 16th Geo Rep. p. 38,) upon a writ of error brought by Wright; and the judgment of the Court below reversed, and the cause remanded for another trial, and to this decision the reader is referred for a statement of the facts of the case.

Upon the second trial in the Court below, before the case was submitted or opened, defendant's counsel asked the Court to call upon and require plaintiff's counsel to announce

whether they would go for a recovery upon the ground of a fraud on the part of defendant, in taking and using the money in his hands, and which is sued for, and then pretending that it had been stolen, as a cover for his fraudulent use and appropriation of the same. The Court held, that plaintiff's counsel should so announce, and if they intended to rely upon fraud on the part of defendant in the manner stated, they should amend the declaration to that effect, and upon failure so to announce and amend, plaintiff could not go for such fraud.

Plaintiff's counsel replied that they intended to go for all that they were entitled to under the law, and the pleadings of the case, and did not amend.

Plaintiff then opened and offered in evidence the bond of defendants, of which the foregoing is a copy; a letter from the cashier of said Banking Company, containing a demand for the money sued for; and a resolution of the Board of Directors, disallowing defendant's account rendered 30th March, 1852, in which he debits plaintiff with the sum of $18,121 76 stolen out of his safe on the night of the 16th March, 1852.

Plaintiff here rested.

All the points made in the case coming up on the charge, and refusals to charge, of the presiding Judge, the testimony which was offered in relation to the circumstances of the alleged robbery, being very voluminous, is here omitted.

The testimony being closed, plaintiff's counsel requested the Court to charge the jury as follows, to-wit:

1st. If the jury shall believe that the defendant was appointed agent and received into his possession plaintiff's money and failed to account for and pay it over on demand, then the plaintiff's case has been made out, and without some legal excuse for Wright's failure to account and pay

over, defendant's are liable to the extent of the the bond—if that amount of loss has been proven.

2d. That it is incumbent on defendants, they having set up a theft as excuse for their failure to account, to prove that there was a theft committed and that Wright was not guilty of negligence or want of ordinary care, by means of which such theft was committed, and in default of such proof, the plaintiff must recover. They must believe: 1. That there was a theft. 2. That it was committed without ordinary negligence or carelessness on the part of Wright, in order to make the defence available : for if they shall believe that no theft has been committed, or that it has been committed, and *Wright* had not used all the precautions ordinarily pursued in relation to the particular business in which he was employed, and according to the usage of the place, and the circumstances of the time, within which the business was transacted, then the defence fails.

3d. That it was admissible and proper for defendants, under their plea, to show that efforts were made, and what those efforts were, to detect the perpetrators of the alleged theft, as the presumption is, that a man will do that which tends to his obvious advantage ; and if he possesses the means and fails to use those means for his exculpation, or if he has proof in his possession by which he may repel that which is offered to his prejudice and fails to produce it, this omission supplies a strong presumption, that no theft was committed, and it would be contrary to every principle of reason and all experience of human conduct, to form any other conclusion.

All of which requests the presiding Judge gave in charge to the jury, except the third which he refused to charge.

Defendants then requested the Court to charge the jury as follows, to-wit :

" That the Court having ruled, before the case was opened, that plaintiff's counsel should announce whether they

would contend for a recovery on the ground that defendant was guilty of fraud in taking the money himself and feigning a burglary; and if they intended so to do, they must amend their pleadings, and having failed to announce and amend, as required, the jury, are not at liberty to consider the question of defendant's liability, upon the ground that Wright stole the money and feigned and pretended a theft to cover the fraud.

Which charge the Court refused to give, but in lieu thereof, instructed the jury as follows:

That the Court, acting on a suggestion in the decision of the Supreme Court, when this case was before that body on review, had, in the opening of the case, ruled that plaintiff's counsel, if they intended to introduce proof that Wright had stolen the money and feigned a burglary, must make that distinct allegation in the pleadings and amend the declaration to that effect, otherwise they would not be permitted to introduce testimony in support of that charge. Counsel for plaintiff replied, that they would rely alone on the allegations as contained in his declaration as it then stood before the Court; and the Court understood defendant's counsel to have confined themselves to their annunciation, in the progress of the cause. It was the opinion of this Court, that to enable plaintiffs to recover, it was necessary that they should prove in the first place, the agency and its character; that the money was placed in the hands of the agent, and that he failed or refused to account for it after proper demand made, and failed to give a legal excuse why he did not respond; that if Wright had been prevented from returning the money from the occurrence of such facts as would excuse him in the eye of the law, it was for him affirmatively to allege and prove such facts to the satisfaction of the jury, by such evidence as would be legally admissible, either positive or circumstantial; and that it was competent for plaintiff to rebut any evidence Wright should introduce in his exculpation, by inculpating on the

point sought to be exculpatory, without the necessity of amending the declaration, so as to let in the evidence in rebuttal.

The Court refused to give in charge the third request of plaintiffs, as the inferences sought to be drawn from the facts referred to in the request were too strong and conclusive, as contained in the language of the request.

To which refusal to charge as requested by counsel for defendant, and to the charge as given in lieu thereof, defendants except.

The jury found for the plaintiff $10,000, the amount of the penalty of the bond.

COLE; and NESBIT, for plaintiffs in error.

POE & GRIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Wright, the plaintiff in error, was appointed by the Central Railroad and Banking Company, their agent, at Atlanta. He gave bond with security that he would faithfully discharge the duties required of him. The proof shows that his principal business was to discount bills on Savannah, drawn on shipments of cotton and other produce, collect debts and circulate bills, &c., as Bank agent. In his character of agent, he received upwards of eighteen thousand dollars for his employees, which he failed to pay over; and for this defalcation, he and his securities were sued on their bond.

Wright's defence was, that the room where he kept the money was feloniously entered, and the plaintiffs money stolen from the iron chest where it was kept. Failing to satisfy the jury that the money was burglariously taken, and that too under circumstances which would screen him from liability, a verdict was rendered for the plaintiff.

A writ of error was prosecuted to reverse the judgment of

Wright vs. The Central Railroad and Banking Co.

the Court rendered on that trial; and amongst other grounds, it was contended that the Court erred in charging the jury that if they should find that Wright himself was the robber, he and his securities were unquestionably liable. In remarking upon this exception, this Court said "Now the breach of the bond is not the robbery resulting from the carelessness or misconduct of the defendant, but his failure or neglect to pay over the plaintiff's money in his hands. Wright's defence is, and he files a special plea to that effect, that on the night of the 16th March, 1852, he was robbed, &c. But it is incumbent on him to make it satisfactorily appear, that some one else was guilty, even if he cannot identify the particular person; otherwise his plea falls to the ground, and he remains liable for the acknowledged defalcation. The only doubt is, whether if the plaintiffs put their right of recovery upon the ground of the robbery, and not merely upon the failure to account, the defendants should not have been notified by the declaration of such intention, so that Wright might offer rebutting testimony as to his good character, and every thing else which would establish his innocence" 16th Ga. Rep. 44, 45, 46.

Thus then stood the case, when it came up for trial the second time. Before any evidence was introduced, counsel for defendants, after having referred to the state of the pleadings, requested the Court to require of plaintiff's attorney, before proceeding with the cause, to announce whether the plaintiff would or would not go for a recovery on the ground of Wright's feigning a burglary to cover his own fraud; and the Court made the call, and stated further, that if he put his right to a verdict upon this ground, he should amend his writ accordingly. The response was that the plaintiffs would claim all they were entitled to under the law regulating the pleadings in the cause.

This of course was, in effect, to say, that they expected to recover merely on account of the failure of the defendant to account for the money collected by him, for this was the only

breach assigned on the bond; and the plaintiff, in conformity with this declaration, read the bond in evidence to the jury; proved the amount of money collected by Wright as the agent of the plaintiff, and which was confessedly never paid over; the demand made—and closed their case.

The defendant then submitted his defence, and proofs to support it; and the testimony being closed, counsel for plaintiff asked the Court to charge the jury.

1st. That if they believed that defendant Wright was appointed plaintiff's agent, and collected the plaintiff's money, and failed to account for the same when demanded, then the plaintiffs have made out their case: and without some legal excuse on the part of the defendant, the plaintiff must recover.

2d. That it is incumbent on the defendant, he having set up theft as his excuse for not accounting, to prove that a theft was committed; and that Wright was not guilty of negligence or want of ordinary care, by reason of which said theft was committed, and in default of such proof the plaintiff must recover. 1. That there had been a theft. 2. That it was committed without ordinary negligence or carelessness on the part of Wright, to make the defence available. For if they should believe, that no theft had been committed, or that if committed, Wright had not used all the precautions ordinarily pursued in relation to the particular business in which he was employed, and according to the usages of the place and the circumstances of the times within which the business was transacted, then the defence fails.

These instructions were given. The third request was refused; it is needless therefore to notice it; and for giving the foregoing charges the defendants by their counsel excepted.

Defendants counsel then requested the Court to charge the jury: that the Court having ruled, before the case was submitted, that the plaintiff should announce whether they would

Wright vs. The Central Railroad and Banking Co.

seek a recovery upon the ground that Wright had feigned a burglary, himself being guilty; and that in that event they must amend their writ to that effect, and the plaintiffs having failed to announce or amend, the jury are not at liberty to consider the question of the liability of the defendants upon the ground that Wright stole the money and feigned a theft to cover the fraud; which request the Court refused to give, but instructed the jury in lieu thereof: that the Court, acting on the suggestion in the decision of the Supreme Court in this cause, ruled in the opening, that the plaintiff, if he intended to introduce proof that Wright had stolen the money himself, must so allege in his writ. He could then offer direct and affirmative evidence to sustain the averment thus made, otherwise he would not be allowed to introduce proof to that point. Counsel for plaintiff replied, that he would rely alone upon his declaration as it then stood; and the Court considered that counsel for plaintiff had confined himself to this course during the progress of the cause.

It was the opinion of the Court, that to entitle the plaintiff to recover, it was only necessary that he should prove in the first place the agency and its character; that the money was received by the agent, and that he failed or refused to account for it, or to give a legal excuse therefor; that if Wright was unable to respond from facts which constitute a good excuse, it was for him to allege and prove this to the satisfaction of the jury, and that it was competent for the plaintiff to rebut this exculpatory proof, without amending his declaration.

To all of which defendant by his counsel excepted.

Whereupon the jury retired and returned a verdict for the plaintiff for ten thousand dollars, the full amount of the penalty of the bond.

It is obvious that counsel for defendant had no right to make the call upon the Court which they did in the opening of the cause. It is equally so, that the Court had no right to make the requisition which it did, upon plaintiff's coun-

sel. His writ contained his cause of action. If it was good in law and sustained by proof, he was entitled to recover; if otherwise, it was his misfortune. He properly, therefore, stood upon all his rights under the pleadings; still the call was made. The plaintiff refused to amend, and by reference to his declaration, it was apparent that he sought a recovery, alone, upon the ground that Wright had failed to account for the $18,121 76 cents, collected by him; having established his demand, he closed his case. The defendant then sought to relieve himself from liability by showing that the money had been stolen from him without legal fault on his part. The plaintiff cross examined the defendant's witnesses to make it appear that the facts did not excuse him. The Court was requested by plaintiff's counsel to give instructions to the jury, not involving in the remotest manner the moral character of the defendant; and thereupon defendants' counsel asked the Court to charge the jury, that under the facts which had transpired at the opening of the cause, they were not at liberty to consider the question of the liability of the defendant upon the ground that he stole the money himself, and feigned a burglary to cover the theft; and for refusing to give this charge, the Court is accused of inconsistency in its rulings, and counsel claim to have been surprised! That is to say, notwithstanding the jury are convinced from the testimony of the defendants' witnesses, that he robbed himself, and that the plaintiff's money is still in his hands; yet the jury are bound to believe that it was stolen by some one else, because the plaintiff has not charged Wright with the robbery in his writ! Suppose the proofs, instead of exculpating, did most manifestly inculpate Wright as the culprit? Is it possible that the jury were to shut their eyes and close their ears, and say in effect by their verdict—True, Wright received the money, and in attempting to show that he was robbed by others, he has satisfied us that he himself was the author of the feigned burglary; still we cannot so find, and

consequently must return a verdict for Wright, and the plaintiffs must lose their money.

If we understand the legal import of the record before us, this is the precise position which the defendant occupies.

The suggestion from this Court, that if the plaintiff did not rely upon the mere failure to account, but upon the theft of the agent, he should amend his declaration to that effect, was inconsiderate and absurd. (And I can take this liberty, being myself the author of it.) For it was not a supposable case, that the plaintiff should be guilty of the folly of abandoning a ground of recovery, so simple and obvious as the one which he occupied, namely, the mere failure to account, and assume voluntarily another so beset with difficulty and danger. The attorney of the plaintiff had the good sense to see this ; still the proposition was legally correct. And the Circuit Judge rightly interpreted it, and directed the trial accordingly. And I am at a loss to comprehend, how it or the rulings of the Court under it, should have misled any body.

It is asserted in the argument that a cloud of witnesses were in attendance on the Court, to testify to the good character of the defendant. Why were they not offered? It constituted an essential element in the defence; it pretty much turned upon it. The assault upon the *bona fides* of Wright's defence, indicated upon the cross examination of of his witnesses, was highly suggestive of the necessity and importance of this testimony ; and above all, why, when by the charge of the Court, the eyes of counsel were opened, did they not then move to introduce this proof, or move to continue the cause on the ground of surprise, and misunderstanding? Why wait to be instructed of its necessity by the finding of the jury ?

This case in our judgment, does not come up to the rule as laid down in the 3. *Graham on New Trials, p.* 168, *and elsewhere.*

Judgment affirmed.